IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | |
|---|---|
| STATE OF KANSAS, ET AL., §<br>§<br>*Plaintiffs*, §<br>§<br>v. §<br>§<br>MERRICK GARLAND IN HIS §<br>OFFICIAL CAPACITY AS ATTORNEY §<br>GENERAL OF THE UNITED STATES, §<br>ET AL., §<br>§<br>*Defendants*. § | Civil Action No. 6:24-cv-01086-TC-TJJ |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

The Court should deny Plaintiffs' belated and duplicative Motion for Temporary Restraining Order.  *See* ECF No. 81.  Such a motion is procedurally improper because Plaintiffs already have a pending motion for a temporary restraining order.  Although that motion was labeled as a Motion for a Preliminary Injunction, ECF No. 4, Plaintiffs explained in the supporting memorandum that they also sought a temporary restraining order "in the interim," ECF No. 5, at 41.

Defendants already explained in detailed briefing why Plaintiffs have not satisfied the requirements that apply both to preliminary injunctions and temporary restraining orders: likelihood of success on the merits, that preliminary relief is necessary to prevent imminent irreparable harm, and that the balance of the equities supports preliminary relief.  *See* ECF No. 40; *see also Rangel-Lopez v. Cox*, 344 F. Supp. 3d 1285, 1289 (D. Kan. 2018) (noting that "the same standard applies" to a motion for a temporary restraining order and a motion for a preliminary injunction).  However, because all parties briefed these issues based on Eighth Circuit case law, now that the case has been transferred to a District Court within the Tenth Circuit, the Court should allow for supplemental briefing under

the governing circuit case law *before* the Court decides whether Plaintiffs have met their burden for preliminary relief. *See* ECF No. 80. Indeed, Plaintiffs acknowledge, as they must, that Tenth Circuit case law will be relevant to the Court's assessment of Plaintiffs' request for preliminary relief, but they suggest that "[t]he parties can present additional in circuit authority during" a "hearing." ECF No. 78, at 1. With respect, it is more efficient to have the parties present arguments based on Tenth Circuit authority through supplemental briefing rather than have the parties read such authority into the record at a hearing. And the Court should not issue *any* preliminary relief before Defendants have had the opportunity to submit briefing addressing governing circuit law.

Plaintiffs argue that they will be irreparably harmed by having the Court consider expedited supplemental briefing before deciding whether to award preliminary relief. *See* ECF No. 81, at 2. Defendants have already explained that Plaintiffs' general arguments that the Rule causes them irreparable harm are weak. *See* ECF No. 40, at 12-28. But any incremental harm from the supposed delay in resolving Plaintiffs' preliminary injunction motion stems from their decision to file this lawsuit in the Eastern District of Arkansas, where venue was lacking. This has always been a Kansas-driven lawsuit, with the Kansas Attorney General's office serving as lead counsel and the individual plaintiffs and organizational plaintiff based in Kansas. Yet Plaintiffs filed in the Eastern District of Arkansas, where the only basis for venue was the State of Arkansas's status as a nominal Plaintiff. As Judge Moody explained in transferring for lack of venue, the State of Arkansas made only "speculative" allegations in support of standing and "submitted no declaration and failed to call . . . any witness at the preliminary injunction hearing to establish harm," thus failing to meet "Arkansas's burden to establish standing." Order, ECF No. 75, at 3. It was entirely predictable that Arkansas would be dismissed for lack of standing, eliminating any basis for venue in the Eastern District of Arkansas. Plaintiffs chose not to file suit in this District, but they should not be heard to complain that their unsuccessful forum shopping has led to a short delay in resolving their motion for preliminary relief.

2

## CONCLUSION

The Court should order supplemental briefing on Plaintiffs' pending Motion for Preliminary Injunction. The Court should not grant Plaintiffs' duplicative Motion for Temporary Restraining Order or issue any relief before Defendants have had the opportunity to submit supplemental briefing.

Dated: May 28, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

/s/ *Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
KERI L. BERMAN
ZACHARY W. SHERWOOD
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 532-3114
Fax: (202) 616-8470
Email:  jeremy.s.newman@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

This is to certify that on this the 28th day of May, 2024, this document was electronically filed with the Clerk of the Court by using the CM/ECF system.

*/s/ Jeremy S.B. Newman*
Jeremy S.B. Newman
