# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

STATE OF KANSAS, ET AL.,

    Plaintiff,

v.

PAMELA BONDI IN HER OFFICIAL
CAPACITY AS ATTORNEY GENERAL OF
THE UNITED STATES, ET AL.,[1]

    Defendant.

Case No. 24-CV-01086-TC-TJJ

## **ORDER**

This matter is before the Court on Defendants' Motion for Stay (ECF No. 218). Defendants request an order staying this case, including a stay of all deadlines on pending motions. Plaintiffs filed their response to the Motion on February 26, 2025[2] (ECF No. 224), stating they do not oppose a stay of the case if the Final Rule at issue is not enforced against Plaintiffs while the case is stayed. On February 27, 2025, Defendants filed a Notice Regarding Defendants' Motion for Stay, stating Defendants have now agreed with Plaintiffs that if the requested stay is granted the federal government will not enforce the Final Rule as to Plaintiffs while the case is stayed (ECF No. 225).

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Pamela Bondi, in her official capacity as Attorney General of the United States, is automatically substituted as a Defendant for former Attorney General Merrick Garland. Similarly, Marvin G. Richardson, in his official capacity as Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), is automatically substituted as a Defendant for former ATF Director Steven Dettelbach.

[2] The Court expedited briefing on the Motion for Stay due to Defendants' request the Motion be ruled prior to March 3, 2025, which they note is the next deadline for a substantive filing under the current case schedule. Given Defendants' request for the expedited ruling, the Court did not permit the filing of a reply brief. *See* Order regarding Mot. for Stay, ECF No. 219.

The Notice indicates, on that basis, Plaintiffs no longer oppose the Motion. As discussed below, the Motion is granted as unopposed and a temporary stay imposed subject to the conditions stated herein.

The decision to stay proceedings is firmly vested in the sound discretion of the trial court.[3] The Court should use its discretion to "provide 'economy of time and effort for itself, for counsel, and for litigants.'"[4] The Tenth Circuit has held that "the right to proceed in court should not be denied except under the most extreme circumstances."[5] As such, a movant bears the burden of showing a stay is necessary.[6] In determining whether to grant a stay, "[f]ive factors have been universally recognized as being critical to a proper balancing of the competing interests at stake."[7]

Defendants' Motion includes little argument as to why a stay is necessary in this matter, aside from noting the recent change in administration and the Executive Order issued by President

---

[3] *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963); *McCoy v. United States*, No. 07-2097-CM, 2007 WL 2071770, at *2 (D. Kan. July 16, 2007). *See also Clinton v. Jones*, 520 U.S. 681, 706–07 (1997).

[4] *Beltonrics USA, Inc. v. Midwest Inventory Distrib. LLC*, 545 F. Supp. 2d 1188, 1189 (D. Kan. 2008) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

[5] *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).

[6] *Id.* at 1484 (movant "must make a strong showing of necessity because the relief would severely affect the rights of others"); *Clinton*, 520 U.S. at 708.

[7] "Those factors are: (1) the interests of the plaintiff to proceed expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendant; (3) the convenience of the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *F.D.I.C. v. Renda*, No. Civ. A. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987). *See also Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2021 WL 4902249, at *3–4 (D. Kan. Oct. 21, 2021) (applying five factors to determine whether stay of proceedings is appropriate); *Spears, et al. v. Mid-America Waffles, Inc., et al.*, No. 1102273-CM, 2012 WL 12837278, at *2–4 (D. Kan. Mar. 8, 2012) (applying five factors to determine whether a stay of proceedings is appropriate).

Trump on February 7, 2025. Defendants' only argument in support of the stay concludes: "A stay here will conserve party and judicial resources and promote the efficient and orderly disposition of this case, including by ensuring that litigation is focused on enduring agency action and informed by the views of current agency leadership."[8] Defendants do not address the five factors typically considered when determining whether to grant a stay. Defendants' general and conclusory statements would not typically meet the high standard required to stay a case.[9]

Nonetheless, due to the unique posture of this case,[10] the Court will exercise its discretion to pause this case and grant Defendants' request to stay the case, albeit only temporarily and subject to the following conditions: (1) Within sixty (60) days Defendants are ordered to file a status report with this Court in accordance with the requirements set out by the Tenth Circuit's Order. Defendants must "advise the court of the status of their 'review of the challenged rule' and their efforts to 'ensur[e] that [this] litigation is focused on enduring agency action and informed by the views of current agency leadership.'"[11] (2) The temporary stay will expire on June 2, 2025, absent the filing of a more robust motion to extend the stay which addresses the five factors critical to the analysis of stay requests. If such a motion is timely filed, the stay will remain in effect

---

[8] Defs.' Opposed Mot. for Stay, ECF No. 218, pg. 2–3.

[9] *Commodity Futures Trading Comm'n*, 713 F.2d at 1484 (10th Cir. 1983) (movant "must make a strong showing of necessity because the relief would severely affect the rights of others").

[10] In exercising its discretion the Court has taken into account the recent change in administration, the Executive Order previously referenced, the Tenth Circuit's previously ordered stay in the matter regarding the appeal of the denial of preliminary injunction in this case, and the Notice filed in this case stating the Motion is now unopposed. *See* Order, Tenth Circuit Court of Appeals Case No. 24-3101, ECF No. 197; Notice Regarding Defs.' Mot. for Stay, ECF No. 225.

[11] Order, Tenth Circuit Court of Appeals Case No. 24-3101, ECF No. 197.

pending briefing and the Court's ruling on the motion to extend the stay. If such a motion is not filed, the stay will be automatically lifted and Defendants must file the response to the Motion for Leave to Intervene (Doc. 184) that was due March 3, 2025, on June 2, 2025.

**IT IS HEREBY ORDERED** that Defendants' Motion for Stay (ECF No. 218) is **GRANTED,** albeit temporarily.

**IT IS FURTHER ORDERED** that Defendants shall file a status report including all of the information required herein, by **April 29, 2025.**

**IT IS FURTHER ORDERED** that the temporary stay will expire automatically on **June 2, 2025**, absent the filing of a more robust motion to extend the stay which addresses the five factors critical to the analysis of stay requests.

Dated February 27, 2025, at Kansas City, Kansas.

_____
Teresa J. James
U. S. Magistrate Judge