IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
WICHITA DIVISION

| | | |
|---|---|---|
| STATE OF KANSAS, ET AL., | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | |
| | § | |
| PAMELA BONDI IN HER OFFICIAL | § | Civil Action No. 6:24-cv-01086-TC-TJJ |
| CAPACITY AS ATTORNEY GENERAL | § | |
| OF THE UNITED STATES, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

**UNOPPOSED MOTION TO EXTEND STAY**

Defendants respectfully file this unopposed motion to extend the stay entered by this Court earlier this year. *See* Order, ECF No. 226 (Feb. 28, 2025) ("Stay Order").[1] In this case, Plaintiffs challenge the lawfulness of a 2024 rule promulgated by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Final Rule, Definition of "Engaged in the Business" as a Dealer in Firearms, 89 Fed. Reg. 28,968 (Apr. 19, 2024) ("Rule"). The Department of Justice ("DOJ") and ATF have announced a comprehensive review of this Rule, which is ongoing. All five factors that courts in this District use to weigh stay requests favor extending the stay pending this comprehensive review. Defendants have agreed not to enforce the Rule as to the plaintiffs while the case is stayed. Based on that agreement, Plaintiffs do not oppose this motion.

---

[1] Under the Stay Order, "the stay will remain in effect pending briefing and the Court's ruling on the motion to extend the stay." Stay Order 3-4. Defendants intended to file this Motion yesterday, but were unable to do so because Defendants' counsel suffered technological problems that rendered Defendants' counsel unable to log on to their computers yesterday.

## BACKGROUND

On April 19, 2024, ATF promulgated the Rule at issue in this case, which concerns when a person is considered to be engaged in the business as a dealer in firearms other than a gunsmith or pawnbroker. *See* 89 Fed. Reg. 28,968. On May 1, 2024, Plaintiffs — a group of states, an organization, and three individuals — filed the Complaint in this case in the Eastern District of Arkansas. *See* Compl. for Decl. and Inj. Relief, *Kansas v. Garland*, No. 2:24-cv-88, ECF No. 1 (E.D. Ark. May 1, 2024). Plaintiffs then moved for a preliminary injunction. Mot. for Prelim. Inj., ECF No. 4 (May 6, 2024). After briefing and argument on that motion, the Arkansas court entered an order transferring the case to this Court. *See* Order, ECF No. 75 (May 23, 2024). The Arkansas court held that the plaintiff State of Arkansas lacked standing and dismissed Arkansas without prejudice. *Id.* at 4. The court held that without Arkansas's participation, venue was improper in the Eastern District of Arkansas, and accordingly transferred the case to this District, where several Plaintiffs reside. *Id.* at 5.

Following the transfer, Plaintiffs moved in this Court for a temporary restraining order and preliminary injunction. *See* Mot. for a Temporary Restraining Order and Prelim. Inj., ECF No. 103 (June 7, 2024). The Court denied that motion. Memorandum and Order, ECF No. 164 (July 10, 2024). Plaintiffs filed an interlocutory appeal of that order to the Tenth Circuit. Notice of Interlocutory Appeal, ECF No. 165 (July 19, 2024); *see also Kansas v. Bondi*, No. 24-3101 (10th Cir.). Defendants then moved to dismiss this case for lack of jurisdiction. Defs.' Mot. to Dismiss, ECF No. 170 (July 29, 2024). That motion is fully briefed and pending. On January 16, 2025, a group of states (different from the Plaintiff states) moved to intervene as defendants. Mot. for Leave to Intervene, ECF No. 184 (Jan. 16, 2025). Because of the stay entered in this case, the parties have not yet responded to the intervention motion.

Following a change in administration, President Trump issued an Executive Order on February 7, 2025, titled *Protecting Second Amendment Rights*. Exec. Order No. 14206, 90 Fed. Reg. 9503

(Feb. 12, 2025). Among other things, the Order directed the Attorney General to "examine" various "actions of executive departments and agencies" to "assess any ongoing infringements of the Second Amendment rights of our citizens, and present a proposed plan of action to the President, through the Domestic Policy Advisor, to protect the Second Amendment rights of all Americans." *Id.* § 2(a). And the Order specifically directs the Attorney General, as part of that process, to review all "[r]ules promulgated by the Department of Justice, by [ATF], from January 2021 through January 2025, pertaining to firearms and/or Federal firearms licensees," *id.* § 2(b)(ii), which includes the Rule at issue in this case.

Following the issuance of that executive order, Defendants moved to stay this case. Defs.' Opposed Motion for Stay, ECF No. 218 (Feb. 20, 2025). After Defendants agreed not to enforce the Rule as to Plaintiffs while the case is stayed, Plaintiffs agreed not to oppose the stay motion. Notice Regarding Defs.' Mot. for Stay, ECF No. 225 (Feb. 27, 2025). The Court granted the motion and entered an order staying the case. Stay Order. The Stay Order provided that the stay would expire on June 2, 2025, unless Defendants filed a motion to extend the stay on or before June 2, 2025, in which case the stay will remain in effect pending the Court's ruling on the motion to extend the stay. *Id.* at 3-4. Defendants intended to file this Motion yesterday, but were unable to do so because Defendants' counsel suffered technological problems that rendered Defendants' counsel unable to log on to their computers yesterday.

As Defendants previously disclosed in a Status Report, ECF No. 233 (Apr. 29, 2025), on April 7, 2025, DOJ and ATF issued a press release announcing that they will conduct a "comprehensive" and "in-depth review over the coming months" of the Rule to "revis[e] the guidelines for determining who is considered 'engaged in the business' of selling firearms." *See* ATF Press Release, *DOJ, ATF Repeal FFL Inspection Policy and Begin Review of Two Final Rules*, https://www.atf.gov/news/press-

releases/doj-atf-repeal-ffl-inspection-policy-and-begin-review-two-final-rules (Apr. 7, 2025) (ATF Press Release). That comprehensive review is ongoing.

The interlocutory appeal in the Tenth Circuit is currently in abeyance. Before the change in administration, the interlocutory appeal was fully briefed and scheduled for oral argument on March 18, 2025. On February 18, 2025, Defendants moved to place the appeal in abeyance in light of the President's Executive Order. Unopposed Mot. to Remove Case from Oral Arg. Calendar and Place in Abeyance, *Kansas*, No. 24-3101 (10th Cir. Feb. 18, 2025). The Tenth Circuit granted that motion and ordered the case abated for 120 days. Order, *Kansas*, No. 24-3101 (10th Cir. Feb. 20, 2025). After Defendants filed a status report regarding the comprehensive review of the Rule, the Tenth Circuit entered an order continuing the abeyance and directing Defendants to file a status report on or before June 20, 2025. Minute Order, *Kansas*, No. 24-3101 (10th Cir. Apr. 21, 2025).

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The court should use this power in its discretion to provide 'economy of time and effort for itself, for counsel, and for litigants.'" *Beltronics USA, Inc. v. Midwest Inventory Distribution LLC*, 545 F. Supp. 2d 1188, 1189 (D. Kan. 2008) (quoting *Landis*, 299 U.S. at 254). "In the District of Kansas, courts have examined five factors when weighing the parties' competing interests to determine whether a stay is appropriate: '(1) plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to plaintiffs of a delay; (2) the burden on defendants; (3) the convenience to the court; (4) the interests of persons not parties to the litigation; and (5) the public interest.'" *Kramer v. Textron Aviation, Inc.*, No. 20-2341-HLT-GEB, 2021 WL 4902249, at *3 (D. Kan. Oct. 21, 2021) (quoting *Spears v. Mid-Am. Waffles, Inc.*, No. 11-2273-CM-JPO, 2012 WL 12837278, at *1 (D. Kan. Mar. 8, 2012)).

**ARGUMENT**

The Court should extend the stay so that Plaintiffs, Defendants and the Court do not expend resources litigating and resolving the lawfulness of the Rule while the government conducts a comprehensive review of the Rule. All five factors in this Court's standard for evaluating stay motions weigh in favor of extending the stay.

*First*, "plaintiffs' interests in proceeding expeditiously with the action and the potential prejudice to plaintiffs of a delay," *Kramer*, 2021 WL 4902249, at *3, weigh in favor of extending the stay. Because Defendants have agreed not to enforce the Rule against the Plaintiffs during the pendency of the stay, Plaintiffs would not be prejudiced by extending the stay. The fact that Plaintiffs do not oppose this motion to extend the stay demonstrates that extending the stay is consistent with Plaintiffs' interests.

*Second*, "the burden on defendants," *id.*, from continuing litigation supports extending the stay. Defendants are in the midst of a "comprehensive review" of the Rule. ATF Press Release. Continuing to litigate over the validity of the Rule would distract from this comprehensive review. Extending the stay would preserve government's flexibility in determining how to address the issues encompassed by the Rule.

*Third*, "the convenience to the court," *Kramer*, 2021 WL 4902249, at *3, supports extending the stay. The Court need not expend effort on addressing the lawfulness of the Rule while Defendants execute their "plans to revisit the regulatory framework." ATF Press Release. The outcome of the comprehensive review could render it unnecessary for the Court to resolve this case. Indeed, the Tenth Circuit has likewise decided to hold the interlocutory appeal in this case in abeyance rather than proceed with oral argument.

*Finally*, "the interests of persons not parties to the litigation" and "the public interest," *Kramer*, 2021 WL 4902249, at *3, support extending the stay. Shortly after taking office, the President

determined that a holistic review of recent firearms regulations was vital to protecting the rights of the people. *See* Exec. Order No. 14206, § 1. The comprehensive review of the Rule is an important part of that effort. It serves the public interest to allow the Executive Branch to review existing regulations and determine what approach best advances the public interest and the priorities of the administration.

For the foregoing reasons, the Court should grant this Motion and extend the stay it issued in this case. The Court should further direct Defendants to file a status report within 60 days.

Dated: June 3, 2025

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division

ANDREW I. WARDEN
Assistant Director
Federal Programs Branch

*/s/ Jeremy S.B. Newman*
JEREMY S.B. NEWMAN
KERI L. BERMAN
ZACHARY W. SHERWOOD
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 532-3114
Fax: (202) 616-8470
Email: jeremy.s.newman@usdoj.gov

*Attorneys for Defendants*


**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2025, the foregoing document was served on all parties of record by operation of the Court's ECF system.

/s/ Jeremy S.B. Newman
Jeremy S.B. Newman